Dear Ms. Hammatt:
You have asked this office to advise whether the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, etseq., permit you to retain your position of full-time state employment with the Louisiana Department of Education and at the same time hold part-time appointive office as a member of the Council for the Development of French in Louisiana (CODOFIL), hereafter, "the Council."
In your letter to this office, you advise that in your position of employment with the Department of Education you administer the Foreign Language Model Program 8(g) grant, acting as a liaison between the Department of Education and foreign governments with which the Department has contractual agreements. You advise that the Department of Education uses a portion of its 8(g) grant to fund an annual $23,500 contract with the Council to assist the Department with the sponsoring of visas for foreign teachers teaching French in Louisiana schools. You draft the aforementioned contract between the Department of Education and the Council and review the Council's billing under that contract to ensure they are accurate before sending them to your supervisor for approval.
Turning to an examination of the law relevant to this matter, we first point out that in any dual officeholding analysis, an initial determination must be made regarding the types of positions proposed to be held. Under the dual officeholding definitions, as an employee of the Department of Education, you *Page 2 
hold a position of full-time employment[1] in the executive branch ofstate government.[2]
With respect to the second position, note that CODOFIL is established within the Department of Culture Recreation and Tourism, an executive branch agency, [3] under authority of La.R.S. 25:651, et seq. Four of the twenty-three members of the Council are appointed by the Louisiana Consortium of Immersion Schools, and your proposed appointment is among the four referenced.[4] Under the dual officeholding definitions, a member of the Council holds part-time appointive office in the executive branch of state government.[5]
We note that both positions are held within the executive branch of state government. This factual circumstance means there is no violation of La.R.S. 42:63(B), which generally prohibits one from holding at the same time positions *Page 3 
in different branches of state government.[6] Further, because the appointive office is held on a part-time basis, there is no violation of La.R.S. 42:63(E), which prohibits one from holding at the same time full-time appointive office and full-time employment.[7]
In the instant matter, it is the opinion of this office that the general dual officeholding prohibitions set forth in La.R.S. 42:63 do not prohibit the holding of full-time employment and part-time appointive office where both positions are held in the same branch of state government, here, the executive branch. This general conclusion is subject to the limitation that the two positions are not incompatible under La.R.S. 42:64. For instance, a person holds incompatible positions where one office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position, or funds received by one office or employment are deposited with or turned over to the other office or position. See La.R.S. 42:64(5) and (6).
Given your described job responsibilities, there appears to be no violation of the incompatibility provisions; however, the determination that two positions are incompatible is ultimately a factual determination which this office is unable to make. We point out the incompatibility provisions in order for you to make an assessment regarding your job responsibilities relative to the authority you will exercise as Council member.
You do not advise whether or not your position with the Department of Education is classified or unclassified, but please be advised that you may not accept the appointment to the Council if such acceptance is in violation of civil service rules and regulations. Finally, this opinion is limited to an examination of state law regulating dual employment. Ethical concerns or situations involving conflicts of interest are resolved by the Louisiana State Board of Ethics. The Board renders advisory opinions regarding the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq. The mailing address for the Louisiana State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone 225-219-5600. *Page 4 
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(3) defines employment to mean "any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." La.R.S. 42:62(4) defines full-time to mean "the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work." La.R.S.42:62(5) defines part-time to mean "the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time."
[2] The Department of Education is an agency of the executive branch of state government. See La.R.S. 36:4(14); see also La.R.S. 42:62(6), providing "the executive branch of state government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance; superintendent of education; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation."
[3] Under La.R.S. 36:4(3), the Department of Culture, Recreation and Tourism is an agency within the executive branch of state government. Seealso La.R.S. 42:62(6), id.
[4] See La.R.S. 25:652(A)(10).
[5] La.R.S. 42:62(2) defines appointive office to mean "any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state . . . and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
[6] La.R.S. 42:63(B) states:
B. Except as otherwise provided by the Louisiana constitution, no person holding office or employment in one branch of the state government shall at the same time hold another office or employment in any other branch of the state government.
[7] La.R.S. 42:63(E) states: "no person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these."